VIRGINIA:

### IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| SANDRA ALCORN, | ) |
| Plaintiff, | ) Case No.: _CL16-2191_ |
| | ) |
| v. | ) |
| | ) |
| CREST ULTRASONIC CORP., | ) |
| | ) |
| and | ) |
| | ) |
| RELIANCE SPECIALTY PRODUCTS, INC., | ) |
| | ) |
| Defendants. | ) |

CIRCUIT COURT
Received & Filed
3.22 pm
NOV 07 2016
By_____
Deputy Clerk
CITY OF ROANOKE

### COMPLAINT

Plaintiff Sandra Alcorn moves the court for judgment against defendants Crest Ultrasonic Corp. and Reliance Specialty Products, Inc., jointly and severally, on the grounds and in the amounts hereinafter set forth:

### Preliminary Statement

1.      This Complaint arises from the negligence and breach of warranties by defendant Crest Ultrasonic Corp. through its introduction into the marketplace of certain degreasing machines that were unreasonably dangerous for the use to which they would ordinarily be put, and from the negligence and breach of warranties by defendant Reliance Specialty Products, Inc. through its introduction into the marketplace of the solvent 1-Bromopropane that was unreasonably dangerous for the use to which it would ordinarily be put.  Because of the unreasonably dangerous conditions of the degreasing machines and the solvent, plaintiff Sandra Alcorn was caused to suffer permanent debilitating health problems stemming from chronic bromide toxicity, which include in Ms. Alcorn's case paranoid behavior, hallucinations,

EXHIBIT

1

psychotic episodes and depression, cutaneous manifestations (skin blisters and lesions), hypothyroidism, recurrent sinusitis and frequent headaches. Ms. Alcorn's psycho-neurological problems stemming the defendants' negligence and breach of warranties are permanent and irreversible.

## The Parties

2.      Sandra Alcorn ("Ms. Alcorn") is and was at all times relevant to this Complaint a resident of the Commonwealth of Virginia. She was, at all times relevant to this Complaint, an employee of John C. Nordt Company, a Virginia corporation with its residence and principal headquarters in the City of Roanoke, Commonwealth of Virginia.

3.      Defendant Crest Ultrasonic Corp. ("Crest") is a corporation that maintains its principal place of operations at 205 Rutgers Street in Maplewood, New Jersey.

4.      Defendant Reliance Specialty Products, Inc. ("Reliance") is a corporation that maintains its principal place of operations at 855 Morse Avenue in Elk Grove Village, Illinois.

## Jurisdiction and Venue

5.      Jurisdiction and venue are proper in this Court because Ms. Alcorn's injuries were incurred while at her place of work, located in the City of Roanoke, Commonwealth of Virginia.

## The Facts

6.      During all relevant times in this Complaint, Ms. Alcorn was an employee of John C. Nordt Company ("Nordt"), located at 1420 Coulter Drive, NW, Roanoke, in the Commonwealth of Virginia. Her responsibilities at Nordt included the operation of two forward degreasing machines using the chemical solvent 1-Bromopropane.

7.      The two forward degreasing machines that Ms. Alcorn operated at Nordt were designed, manufactured and sold to Nordt by Crest. The degreasing machines were defective

and unreasonably dangerous for the use to which they would ordinarily be put in the following respects, inter alia:

      a.    The degreasing machines were designed to clean certain products by the use of chemical solvents, in this case 1-bromopropane, itself an unreasonably dangerous product when used for the purposes to which it would ordinarily be put.

      b.    1-bromopropane is a highly toxic substance that can cause injury to humans through direct contact with the skin and through exposure to 1-bromopropane vapor.

      c.    The routine operation of the degreasing machines allowed the release of 1-bromopropane vapor into the environment in which workers, including Ms. Alcorn, operated the machines, and also allowed direct contact with 1-bromopropane on the machine operators' skin, including Ms. Alcorn's skin. Ms. Alcorn was exposed to direct contact with 1-bromopropane, and with 1-bromopropane vapor, every day she went to work at Nordt. This exposure led to Ms. Alcorn suffering from chronic bromide toxicity and its devastating, permanent effects on her health.

      d.    The degreasing machines did not have adequate mechanisms to prevent exposure of the workers operating the machines, including Ms. Alcorn, to direct contact with 1-bromopropane and to 1-bromopropane vapor.

      e.    The degreasing machines did not have safety mechanisms or interlock devices to prevent the machines from operating while the doors were open and/or the operators, including Ms. Alcorn, were otherwise exposed to direct contact with 1-bromopropane and 1-bromopropane vapor.

f.      The degreasing machines did not have sufficient guards and/or enclosures surrounding them to prevent the exposure of the workers, including Ms. Alcorn, to direct contact with 1-bromopropane and 1-bromopropane vapor.

g.      The degreasing machines did not contain warnings adequately informing operators, including Ms. Alcorn, of the dangers presented by direct contact with the solvent and the solvent vapor.

8.      As a proximate result of the foregoing defects, among others, Ms. Alcorn was caused to sustain serious and permanent injuries, including, without limitation of the foregoing, the effects of chronic bromide toxicity, which include in Ms. Alcorn's case paranoid behavior, hallucinations, psychotic episodes, memory problems and depression, cutaneous manifestations (skin blisters and lesions), hypothyroidism, recurrent sinusitis and frequent headaches. Ms. Alcorn has suffered and will continue to suffer great pain of body and mind, has been caused great inconvenience, permanent disability and lost income, and has incurred and will in the future incur hospital, doctors' and/or related expenses in an effort to be cured of or treated for such injuries, and in continued efforts to monitor Ms. Alcorn for other potential adverse health conditions, including cancer.

9.      The chemical solvent used in the degreasing machines, in this case 1-bromopropane (the "solvent"), was designed, manufactured and sold by defendant Reliance. The solvent was defective and unreasonably dangerous for the use to which it would ordinarily be put, in the following respects:

a.      The solvent is highly toxic to humans when exposed to it directly or through its vapor. Exposure to its effects is and was known by the defendants to cause the following in humans, inter alia:

    (i)      altered mental status;

    (ii)     psychiatric problems;

    (iii)    damage to the central nervous system;

    (iv)    damage to the kidneys;

    (v)     adverse skin conditions; and

    (vi)    damage to the thyroid gland.

    b.    With this level of dangerous toxicity, it was imperative upon the defendants to ensure that workers using 1-bromopropane be adequately protected from the potential for direct exposure to the solvent and from the potential for contact with the solvent's vapor.

    c.    The solvent did not come with warnings adequately informing those whose responsibilities included working in proximity to the solvent of the dangers presented by direct contact with the solvent and the solvent vapor.

10.    As a proximate result of the foregoing defects, among others, Ms. Alcorn was caused to sustain serious and permanent injuries, including, without limitation of the foregoing, the effects of chronic bromide toxicity, which include in Ms. Alcorn's case paranoid behavior, hallucinations, psychotic episodes, memory problems and depression, cutaneous manifestations (skin blisters and lesions), hypothyroidism, recurrent sinusitis and frequent headaches. Ms. Alcorn has suffered and will continue to suffer great pain of body and mind, has been caused great inconvenience, permanent disability and lost income, and has incurred and will in the future incur hospital, doctors' and/or related expenses in an effort to be cured of or treated for such injuries, and in continued efforts to monitor Ms. Alcorn for other potential adverse health conditions, including cancer.



### The Defendants' Negligence

11.   The allegations contained in the foregoing paragraphs are incorporated herein by reference.

12.   Defendant Crest was negligent in the following respects:

a.   It negligently failed to design, assemble, and/or manufacture the forward degreasing machines in a manner that would ensure they were reasonably safe to operate in the intended manner.

b.   It negligently failed to test or perform a risk assessment to ensure that the forward degreasing machines were reasonably safe to operate in the intended manner.

c.   It negligently incorporated into the design and/or manufacture of the forward degreasing machines the use of highly toxic substances, including the solvent 1-bromopropane, which would expose workers and operators, including Ms. Alcorn, to the toxic effects of such substances.

d.   It negligently failed to design or otherwise incorporate into the forward degreasing machines adequate safety measures to prevent human exposure to direct contact with the solvent and/or its vapor.

e.   It negligently failed to design or otherwise incorporate into the forward degreasing machines sufficient safety mechanisms and/or interlock devices to prevent operation of the machines when there was the potential for human contact with the solvent and/or its vapor.

f.   It negligently failed to warn operators, including Ms. Alcorn, of the dangers attendant in the use of the forward degreasing machines including, without limitation of the foregoing, exposure to the solvent being used in the machines, and the need, among others, to take the necessary precautions to prevent such exposure.

g.   It otherwise negligently failed to provide degreasing machines that were not unreasonably dangerous when used in a foreseeable manner and/or the manner to which they were intended to be put.

h.   It otherwise negligently failed to provide adequate warnings of the dangers attendant to the operation of the degreasing machines.

13.   Defendant Reliance was negligent in the following respects:

a.   It negligently designed and manufactured for use in the degreasing machines a solvent that was so highly toxic as to be unreasonably dangerous for the use to which it would ordinarily be put.

b.   It negligently failed to warn operators, including Ms. Alcorn, of the dangers attendant in the use of the solvent 1-bromopropane, the dangers of direct exposure to the solvent and its vapor, and the need, among others, to take the necessary precautions to prevent such exposures.

14.   As a proximate result of the foregoing negligent acts and omissions of the defendants, among others, Ms. Alcorn was caused to sustain serious and permanent injuries, including, without limitation of the foregoing, the effects of chronic bromide toxicity, which include in Ms. Alcorn's case paranoid behavior, hallucinations, psychotic episodes, memory problems and depression, cutaneous manifestations (skin blisters and lesions), hypothyroidism, recurrent sinusitis and frequent headaches. Ms. Alcorn has suffered and will continue to suffer great pain of body and mind, has been caused great inconvenience, permanent disability and lost income, and has incurred and will in the future incur hospital, doctors' and/or related expenses in an effort to be cured of or treated for such injuries, and in continued efforts to monitor Ms. Alcorn for other potential adverse health conditions, including cancer.

### The Defendants' Breach of Warranties

15.    The allegations contained in the foregoing paragraphs are incorporated herein by reference.

16.    Defendant Crest breached expressed and implied warranties to Ms. Alcorn of fitness for a particular purpose by introducing into commerce the forward degreasing machines, which were unreasonably dangerous for the purpose for which they were intended to be used.

17.    Defendant Reliance breached expressed and implied warranties to Ms. Alcorn of fitness for a particular purpose by introducing into commerce the solvent 1-bromopropane, which was unreasonably dangerous for the purpose for which it was intended to be used.

18.    As a proximate result of the defendants' breaches of expressed and implied warranties, Ms. Alcorn was caused to sustain serious and permanent injuries, including, without limitation of the foregoing, the effects of chronic bromide toxicity, which include in Ms. Alcorn's case paranoid behavior, hallucinations, psychotic episodes, memory problems and depression, cutaneous manifestations (skin blisters and lesions), hypothyroidism, recurrent sinusitis and frequent headaches. Ms. Alcorn has suffered and will continue to suffer great pain of body and mind, has been caused great inconvenience, permanent disability and lost income, and has incurred and will in the future incur hospital, doctors' and/or related expenses in an effort to be cured of or treated for such injuries, and in continued efforts to monitor Ms. Alcorn for other potential adverse health conditions, including cancer.

WHEREFORE, plaintiff Sandra Alcorn hereby moves the Court for judgment against defendants Crest Ultrasonic Corp. and Reliance Specialty Products, Inc., jointly and severally, in the amount of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages, plus pre- and post-judgment interest and her costs in this matter expended.

The plaintiff demands a jury trial.

SANDRA ALCORN

John F. Pyle (VSB 27696)
Patrick T. Fennell (VSB 40393)
CRANDALL & KATT
Counsel for plaintiff.
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone: 540/342-2000
jpyle@crandalllaw.com
pfennell@crandalllaw.com